[Docket Nos. 4, 5]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| JACQUELINE MARTIN and BERNARD KEITH MARTIN-BEY, <br><br> Plaintiffs, <br><br> v. <br><br> AURORA FINANCIAL GROUP, INC., US BANK NA, *as Trustee for Securitized Trust GNMA 190-013 Trust*, and DOES 1-100, *et al.*, <br><br> Respondent. | Civil Action No. 24-7310 (RMB/MJS) <br><br> **MEMORANDUM OPINION & ORDER** |

This matter comes before the Court upon the Motion for Default Judgment [Docket No. 4] and Motion to Add Party and for Stay of Foreclosure Sale [Docket No. 5], filed by Plaintiffs Jacqueline Martin and Bernard Keith Martin-Bey (together, the "Plaintiffs"). Before addressing the motions, the Court observes that the instant litigation is Plaintiffs' second bite at the apple. In fact, it appears to be an end run around the Court's previous order in another case. On March 25, 2024, Plaintiffs filed an identical complaint before this Court along with an application to proceed without prepaying fees or costs, *i.e.*, *in forma pauperis* ("IFP"), as Civil Action Number 24-4210 (RMB/MJS). In that case, the Court denied Plaintiffs' IFP application and directed the Clerk of the Court not to file the complaint and to close the case due to Plaintiffs'

failure to complete an amended IFP in accordance with the Court's directions and to establish the Court's subject matter jurisdiction. In an apparent effort to circumvent this Court's prior order, Plaintiffs have now filed their complaint again as a new civil action and paid the filing fee. With that being said, the Court now turns to the Motion for Default Judgment.

Federal Rule of Civil Procedure 55 provides that the Clerk of the Court shall enter a party's default when a party has "failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). After a default has been entered, a plaintiff may move for default judgment. Fed. R. Civ. P. 55(b). A plaintiff is not entitled to default judgment as of right. *See Franklin v. Nat'l Mar. Union of Am.*, 1991 WL 131182 (D.N.J. July 16, 1991) (citing 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), *aff'd*, 972 F.2d 1331 (3d Cir. 1992). Rather, the decision to enter default judgment under Rule 55(b)(2) is left to the sound discretion of the district court. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). "Cases [should] be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984).

In considering a motion for default judgment, a court must determine whether (1) it has subject matter jurisdiction over the claims at issue and personal jurisdiction over the defendant; (2) the defendant is exempt from entry of default judgment; (3) there is sufficient proof of service; (4) a sufficient cause of action has been stated; and (5) default judgment is otherwise proper. *Broad. Music, Inc. v. 3817 Pac. LLC*, No. 23-CV-22782 (RMB/AMD), 2024 WL 3451885, at *2 (D.N.J. July 18, 2024).

As a preliminary matter, Plaintiffs have not requested that the Clerk of the Court enter default against Defendants and the Clerk has not done so. But "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)." *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008); *see also Trustees of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund, Vacation Fund, & Painters Dist. Council 711 Finishing Trades Inst. v. Leo Constructing, LLC*, 718 F. Supp. 3d 436, 441 (D.N.J. 2024) ("Before a court may entertain a default judgment motion, the Clerk of the Court must have entered default against the party who has not appeared or otherwise defended the lawsuit."). As Plaintiffs have not first obtained entry of default by the Clerk of the Court in conformance with Rule 55(a), Plaintiffs' Motion for Judgment is procedurally improper and must be denied.

What's more, Plaintiffs have submitted no proof whatsoever that Defendants were properly served. While summons issued on June 28, 2024 [Docket No. 3], Plaintiffs have not submitted a certificate of service or summons returned executed to the Court. There is simply no documentation establishing that the Defendants were ever served or given notice of this action. "The Court cannot exercise jurisdiction over a party that has not been properly served." *Prudential Ins. Co. of Am. v. Bramlett*, No. CIV.A.08-119 (GEB), 2010 WL 1752515, at *3 (D.N.J. Apr. 30, 2010); *see also Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment

entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside."). For this reason, too, the Court must deny Plaintiffs' motion.[1]

Finally, the Court harbors concerns about its subject matter jurisdiction over this action. Federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). "Verifying the Court's jurisdiction is of particular concern where, as here" the named Defendants have not appeared or had the opportunity to respond. *See Laborers Int'l Union of N. Am. Loc. No. 199 Welfare, Pension, Apprenticeship & Training, Annuity & Laborers-Emps. Co-op. Educ. Tr. Funds of Delaware, Inc. v. Ramco Sols.*, No. CIV. 11-4976 RBK/JS, 2013 WL 4517935, at *2 (D.N.J. Aug. 26, 2013). District courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal subject matter jurisdiction based on diversity of citizenship, on the other hand, requires (1) that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) that it "is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

It is unclear whether Plaintiffs' purported basis for federal subject matter jurisdiction is federal question, under 28 U.S.C. § 1331, or diversity of citizenship,

---

[1] It also appears that service has not been made within 90 days after the complaint was filed as required by Federal Rule of Civil Procedure 4(m). The Court may dismiss this action without prejudice, after giving notice to Plaintiffs, for failure to serve within the prescribed time frame. Fed. R. Civ. P. 4(m). Plaintiffs shall be directed to show cause why the Complaint should not be dismissed for failure to comply with the requirements for timely service under Rule 4(m).

under 28 U.S.C. § 1332.  The causes of action set forth in Plaintiffs' Complaint do not appear to arise out of federal law and the Court sees no basis for federal question jurisdiction.  *See Fung v. Wells Fargo Bank*, No. 220CV01099BRMESK, 2021 WL 3124323, at *3 (D.N.J. July 23, 2021) ("plaintiff's complaint cannot rely exclusively on state law to invoke jurisdiction under 28 U.S.C. § 1331.").  And the Complaint does not allege the citizenship of the Defendant entities.  Merely alleging that the Defendants do business in a certain state is "insufficient to demonstrate a party's citizenship for diversity purposes."  *Id.* at *5; *see also Robinson v. CRS Facility Servs., LLC*, No. 12-CV-2693 CCC, 2014 WL 3809251, at *2 (D.N.J. July 31, 2014) ("Plaintiffs, even when proceeding *pro se*, must plead the citizenship of the individual defendants for the court to determine whether complete diversity of the parties in fact exists and thus whether the court has jurisdiction to adjudicate the matter.").  The Court is unable to determine whether there is complete diversity between Plaintiffs and all Defendants, as required to establish diversity jurisdiction.  Plaintiffs shall be directed to show cause why the matter should not be dismissed for lack of subject matter jurisdiction.

For the reasons set forth herein, and for good cause shown,

IT IS HEREBY, on this **23rd** day of **January, 2025**,

**ORDERED** that Plaintiffs' Motion for Default Judgment [Docket No. 4] is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that, no later than **February 13, 2025**, Plaintiffs shall **SHOW CAUSE** by written submission to be filed on the docket why this case should not be dismissed (1) for lack of subject matter jurisdiction, and (2) for failure to timely serve the named Defendants as required under Rule 4(m); and it is further

**ORDERED** that Plaintiffs' Motion to Add Party and for Stay of Foreclosure Sale [Docket No. 5] is **ADMINISTRATIVELY TERMINATED** pending the Court's resolution of this Order to Show Cause; and it is finally

**ORDERED** that the Clerk of the Court shall **MAIL** a copy of this Order to the Plaintiffs at their mailing address of record and shall **NOTE** the completion of same on the docket.

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge